UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Eugene MILLS,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard Raymond PIERCE,
Defendant-Appellant.

Nos. 82–1206, 82–1278.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1986.

Decided Feb. 18, 1987.

Richard E. Drooyan, Los Angeles, Cal., for plaintiff-appellee.

Charles P. Diamond, M. Randall Oppenheimer, Los Angeles, Cal., for defendant-appellant Mills.

Edwin S. Saul, Encino, Cal., for defendant-appellant Pierce.

Before KENNEDY, TANG and THOMPSON, Circuit Judges.

KENNEDY, Circuit Judge:

### Facts and Procedural Background

On August 22, 1979, Thomas Hall was stabbed to death at Lompoc prison. The following day, after being questioned about the murder, appellants Mills and Pierce were placed in administrative segregation. They remained there until they were arraigned on April 21, 1980, an eight-month period in which prison officials prevented them from communicating with anyone outside the unit in which they were confined.

On March 27, 1980, Mills and Pierce were indicted for first degree murder, in violation of 18 U.S.C. § 1111, and conveyance of a weapon in prison, in violation of 18 U.S.C. § 1792. Pierce was also indicted for assault, in violation of 18 U.S.C. § 113(c). Before trial, the district court dismissed the charges, holding that prison officials had deprived appellants of their right to counsel, a speedy trial, and due process by placing them in administrative segregation for eight months before arraignment.

On appeal a panel of this court reversed and remanded for trial. *United States v. Mills*, 641 F.2d 785 (9th Cir.), *cert. denied*, 454 U.S. 902, 102 S.Ct. 409, 70 L.Ed.2d 221 (1981). We held that the right to counsel and a speedy trial did not attach until indictment, and that the preindictment delay did not deny appellants due process because they could not demonstrate prejudice. We also rejected appellants' discovery claims. At trial following reinstatement of the charges, appellants were convicted on all counts and sentenced to life imprisonment.

Mills and Pierce appealed their convictions, raising the right to counsel, speedy trial, and discovery claims they advanced below. Proceeding en banc, this court consolidated Mills' and Pierce's appeals with the appeals of other prisoners placed in administrative segregation at Lompoc. It limited its consideration to a single question: whether the right to counsel attached during the prisoners' preindictment confinement. The en banc panel answered the question in the affirmative, holding that administrative detention for more than ninety days because of a pending felony investigation constituted an "accusation" for purposes of the right to counsel. Applying this rule, the en banc panel found that the prisoners had been denied counsel during their confinement and dismissed the indictments against them. *United States v. Gouveia*, 704 F.2d 1116 (9th Cir.1983) (en banc).

The Supreme Court reversed. Relying on *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), it held that the right to counsel attached only with the initiation of judicial proceedings, and that administrative segregation was not such a proceeding. Having resolved the right to counsel claim, the Supreme Court remanded the cases to this court for consideration of the speedy trial and discovery claims and any other remaining issues. *United States v. Gouveia,* 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984).

### Law of the Case

■ For us, the threshold question is whether the law of the case doctrine bars consideration of appellants' claims. The law of the case doctrine provides that, in order to maintain consistency during the course of a single case, reconsideration of questions previously decided should be avoided. 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 (1981). As appellants' speedy trial and discovery claims were considered by the previous panel, the doctrine may be applicable to them. Law of the case, however, is a discretionary doctrine, *United States v. Houser,* 804 F.2d 565, 567 (9th Cir.1986), and we decline to apply it to the case before us. Instead, we consider appellants' claims anew, but reach the same results as the previous panel.

### Speedy Trial

■ A defendant's right to a speedy trial attaches when he is accused. *United States v. Lovasco,* 431 U.S. 783, 788–89, 97 S.Ct. 2044, 2047–48, 52 L.Ed.2d 752 (1977). In sixth amendment jurisprudence, a defendant is accused when he is indicted or when he is subject to "the actual restraints imposed by arrest and holding to answer a criminal charge." *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971). The question before us is whether placement in administrative segregation should be treated as an arrest for speedy trial purposes.

The courts are unanimous in holding that it should not. *United States v. Mills,* 704 F.2d 1553, 1556–57 (11th Cir.1983), *cert. denied,* 467 U.S. 1243, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984); *United States v. Daniels,* 698 F.2d 221, 223 (4th Cir.1983); *Mills,* 641 F.2d at 787; *United States v. Blevins,* 593 F.2d 646, 647 (5th Cir.1979) (per curiam); *United States v. Bambulas,* 571 F.2d 525, 527 (10th Cir.1978) (per curiam); *United States v. Clardy,* 540 F.2d 439, 441 (9th Cir.), *cert. denied,* 429 U.S. 963, 97 S.Ct. 391, 50 L.Ed.2d 331 (1976).

These cases refuse to equate administrative segregation with arrest because the consequences of administrative segregation are different from those of arrest. As we recognized in *Clardy,* the effects of administrative segregation on employment, financial resources, and standing in the community are much less severe than are those of arrest. 540 F.2d at 441. While administrative segregation limits freedom of movement and association, such limitations "bear little weight in the peculiar context of a penal institution where the curtailment of liberty is the general rule not the exception." *Id.*

Appellants contend that *Clardy* and its progeny are distinguishable. They claim that they were placed in administrative segregation for investigatory purposes, while the inmates in *Clardy* and the other cases were placed there for disciplinary reasons. The record belies their claim. The detention order stated that appellants "pose[d] a serious threat to life, property, self, staff, other inmates, or to the security of the institution." Moreover, as Justice Stevens noted in *Gouveia,* "there is no reason to believe that the segregation of suspected murderers from the general prison population either was intended to or had the effect of facilitating a criminal investigation rather than simply serving legitimate institutional policies." 467 U.S. at 198, 104 S.Ct. at 2303 (Stevens, J., concurring in the judgment).

Appellants' speedy trial rights attached only with their indictment on March 27, 1980. Any delay after that point was occa-

sioned by appellants. Accordingly, no speedy trial violation occurred.

### Discovery Claims

■ Federal Rule of Criminal Procedure 16(a)(2) bars discovery of statements by government witnesses or prospective government witnesses except as provided in the Jencks Act, 18 U.S.C. § 3500. The question raised by appellants' request for FBI interviews is whether statements by persons who were prospective witnesses when interviewed lose that protection if the government subsequently decides not to call those persons at trial.

We have held that they do not. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir.1984); *Mills*, 641 F.2d at 790.

Appellants make no effort to distinguish these cases. Instead, they ask us to overrule our cases and follow the lead of other circuits which have reached a contrary result. This we lack the power to do. Adhering to our previous decisions, we reject appellants' discovery claim.

### Mills' Conveyance of Weapon Conviction

■ Mills' attack on his conviction for conveyance of a weapon is the single novel issue in this appeal. Though we view the evidence in the light most favorable to the government, *United States v. Cusino*, 694 F.2d 185, 187 (9th Cir.1982), *cert. denied*, 461 U.S. 932, 103 S.Ct. 2096, 77 L.Ed.2d 305 (1983), we conclude that the evidence on this count is insufficient to sustain the conviction.

The government offers two pieces of evidence indicating that Mills participated directly in conveyance of the murder weapon. First, the testimony of officer Wilson, who allegedly stated that he found "a knife wrapped in a blue cap" that Mills wore during the murder. But the record shows that Wilson's testimony was that he found the knife and cap separately and put them together himself. Second, the government offered the testimony of inmate Ehle, who allegedly overheard Mills saying that he "left the knife and the ski cap in the unit because it 'looked more normal.' " But Ehle's version of the conversation has Mills saying only that he left the cap behind because leaving the unit without a mask "looked more normal." So there is insufficient evidence to show that Mills committed this crime by his own acts.

■ Alternatively, the government seeks to sustain Mills' conviction under the theory set forth in *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), which held that a person convicted of conspiracy can be held responsible for the substantive crimes of his coconspirators as long as the crimes were committed in furtherance of the conspiracy. The defect in the government's argument is that the trial judge did not deliver a *Pinkerton* instruction to the jury. He did allude to a "criminal venture" at one point, but that isolated reference does not amount to a *Pinkerton* instruction. In the absence of such an instruction, the government's argument that Mills has derivative criminal liability must fail. *United States v. Disla*, 805 F.2d 1340, 1350 (9th Cir.1986).

Where there is no relevant evidence from which the jury could reasonably find the defendant guilty beyond a reasonable doubt, Federal Rule of Criminal Procedure 29 directs that a judgment of acquittal be entered. As the government failed to adduce any evidence that Mills conveyed a weapon, we order that an acquittal be entered on that count.

Mills' conviction for first degree murder is affirmed, but his conviction for conveyance of a weapon in prison is reversed and a judgment of acquittal entered. Pierce's convictions for first degree murder, conveyance of a weapon, and assault are affirmed.