972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aldo Ray NAVARRO, Defendant-Appellant.
 No. 91-10134.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 3, 1992.
 
 Before EUGENE A. WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In a case involving a random stop of Navarro and a companion by police officers at an airport, we consider whether the district court erred in denying Navarro's motion to suppress evidence found in a search of his companion's carry-on bag.
 
 
 3
 Navarro asserts that the district court erred in finding that (1) the random police stop was a consensual encounter, (2) the stop did not violate his Fifth Amendment due process rights, and (3) the search of his companion's carry-on bag and closed containers within that bag was also consensual. These contentions are controlled by the law of the case and are without merit.
 
 
 4
 "The doctrine [of the law of the case] typically applies to the same case when the parties in the subsequent proceeding were also the parties to the former appellate decision." United States v. Mills, 810 F.2d 907, 909 (9th Cir.1987). Although Navarro and his companion, Enriquez, made separate motions to suppress evidence, both raised the issues indicated above. The district court consolidated and denied both motions. Navarro and Enriquez appealed the order separately.
 
 
 5
 This court affirmed the district court's order denying Enriquez' motion in an unpublished memorandum decision in United States v. Enriquez, No. 91-10131 (9th Cir. Dec. 13, 1991). We found that the district court determined correctly that (1) the police stop was consensual, (2) the stop did not violate his right to due process, and (3) the search of the bag and the containers within that bag was also consensual. Again, we affirm the district court's denial of Navarro's motion to suppress.
 
 
 6
 Navarro also asserts that the district court erred in finding that he lacked standing to contest the search of Enriquez' carry-on bag. Because the Enriquez case established that the search of Enriquez' carry-on bag was consensual, we need not decide whether Navarro had standing to challenge that search. See United States v. Isaacs, 708 F.2d 1365, 1367 (9th Cir.1983) (defendant must demonstrate legitimate expectation of privacy and unreasonable search and seizure).
 
 
 7
 The court did not err in denying Navarro's motion to suppress evidence. His conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3