985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Onesio CHAVEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-56463.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 13, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Onesio Chavez, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Chavez challenged his sentence on the grounds of government misconduct and ineffective assistance of counsel. Chavez was convicted of conspiring to possess, and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting, 18 U.S.C. § 2. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 Chavez argues that the government falsely led his attorney to believe that a plea agreement had been agreed to in the underlying criminal case which led his attorney to be unprepared at trial. Chavez previously filed a direct appeal in this court seeking specific enforcement of the plea agreement premised on the same allegations of government misconduct. This court affirmed the conviction, specifically rejecting Chavez's allegations of government misconduct, and holding that he was not entitled to specific performance of the plea agreement. See United States v. Chavez, No. 89-50672, unpublished memorandum disposition (9th Cir. Jan. 10, 1991). This court's previous ruling on this claim is the law of the case, and we decline to reconsider it. See United States v. Mills, 810 F.2d 907, 909 (9th Cir.) (law of the case doctrine provides that reconsideration of claims previously decided should be avoided), cert. denied, 484 U.S. 832 (1987).[1]
 
 
 4
 Chavez argues in the alternative that if there was no government misconduct, his counsel was ineffective. He contends that the district court erred by denying him an evidentiary hearing to prove that his attorney failed to prepare for trial or to seek an alternative plea agreement because she erroneously believed that the plea agreement had been agreed to.
 
 
 5
 To demonstrate ineffective assistance, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when the "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id.
 
 
 6
 The district court found that Chavez failed to establish the first prong of the Strickland test. In his habeas petition, Chavez specifically raised the quality of his attorney's cross-examination of the government witnesses. The district court reviewed the record and determined that counsel's cross-examinations were "well within the realm of expected professional competence." The relevant portions of the record support this determination. As the district court order stated, Chavez's attorney's cross-examination successfully established that Agent Huertas never saw Chavez in physical possession of the heroin, and never saw him driving the vehicle that transported the heroin. Thus, as the district court noted, this cross-examination cast doubt on the possession charge.
 
 
 7
 Next, Chavez argued that his attorney's failure to discuss the conspiracy charge in her closing argument amounted to ineffective assistance. The district court did not err in rejecting this argument because the form of the closing argument may have been a strategic decision. See United States v. Appoloney, 761 F.2d 520, 525 (9th Cir.) (courts should not try to "second guess" trial strategy), cert. denied, 474 U.S. 949 (1985).
 
 
 8
 Moreover, on appeal, Chavez appears to admit that he would not have been likely to prevail at trial even if his attorney had been more prepared.[2] Therefore, Chavez fails to meet the second prong of Strickland, because he has not shown prejudice. See Strickland, 466 U.S. at 687.
 
 
 9
 Because the filings and the record conclusively show that Chavez is entitled to no relief, the district court did not err in denying Chavez's request for an evidentiary hearing. See Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Chavez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chavez argues on appeal that this court did not rule on the issue of government misconduct on direct appeal, but merely ruled that the plea agreement was not specifically enforceable. This court specifically affirmed Chavez's sentence on the ground that the record did not show that the government acted unfairly. See Chavez, No. 89-50672, unpublished memorandum disposition (9th Cir. Jan. 10, 1991)
 
 
 [2]
 Chavez states: "The defendant does not contend that he would have likely prevailed at trial had his counsel been reasonably prepared to go to trial."