5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard M. HAGEN, Petitioner-Appellant,
v.
William GASPAR, Warden, et al., Respondents-Appellees.
 No. 92-17128.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the District of Arizona, D.C. No. CV-88-1915-SMM(MS); Stephen M. McNamee, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard M. Hagen, an Arizona state prisoner, appeals the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for first degree murder and conspiracy. He contends that (1) his claim of improper jury instructions on proximate cause was not procedurally defaulted; (2) there was insufficient evidence of causation to support the murder conviction; and (3) a pre-indictment delay violated his rights to counsel, a speedy trial, and due process. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 Before a federal court will consider granting habeas relief, the petitioner must exhaust all available state remedies, either on direct appeal or through collateral proceedings. 28 U.S.C. Sec. 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). To exhaust state remedies, the petitioner must fairly present all of his claims to the highest state court with jurisdiction to consider them. Castille v. Peoples, 489 U.S. 346, 351 (1989); Hayes v. Kincheloe, 784 F.2d 1434, 1437 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987).
 
 
 4
 If the petitioner once could have raised a claim in state court but did not and is now barred from doing so by a state rule of procedure, then he has procedurally defaulted on the claim. Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). If the petitioner cannot show cause for the procedural default and prejudice from the claimed constitutional violation, then habeas relief will be denied. Murray v. Carrier, 477 U.S. 478, 485 (1986); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906-08 (9th Cir.1986). In Arizona, state rules of procedure provide that a petitioner is not entitled to post-conviction relief "based on any ground ... [t]hat was waived at trial, on appeal, or in any previous collateral proceeding." Ariz.Rev.Stat.Ann. Sec. 13-4232(A)(3) (1992).
 
 
 5
 On November 1, 1977, Hagen hit fellow prisoner Robert Phillips on the head with a pipe while codefendant Ralph Hall stood guard. Phillips died in the hospital on November 28. After a jury trial, Hagen was convicted of first degree murder and conspiracy and sentenced to life imprisonment on June 4, 1979. He did not raise the jury instruction claim on direct appeal.
 
 
 6
 On September 16, 1985, Hagen raised the claim in his first state petition for post-conviction relief. The trial court granted his motion to withdraw this petition on October 29, 1985. Hagen then filed his first federal habeas petition, which the district court dismissed for failure to exhaust state remedies. In September 1987 Hagen filed a second state petition raising the jury instruction claim. On December 16, 1987, the trial court found the claim procedurally barred by Ariz.Rev.Stat.Ann. Sec. 13-4232(A)(2) or (3). The Arizona Supreme Court denied review. Hagen refiled his federal petition on November 11, 1988, and the district court denied it on August 28, 1992.
 
 
 7
 Hagen contends that the district court erred by finding that he had procedurally defaulted on the jury instruction claim. He argues that the state misled him by making contradictory claims as to whether he exhausted the jury instruction claim on direct appeal. He argues that in response to his first state post-conviction petition, the state claimed that he had exhausted the claim; in response to his first federal habeas petition, the state claimed failure to exhaust; in response to his second state petition, the state claimed exhaustion or waiver.
 
 
 8
 Hagen's argument misses the point that he could have but did not raise the jury instruction claim on direct appeal. Accordingly, Ariz.Rev.Stat.Ann. Sec. 13-4232(A)(3) bars him from raising the claim in state post-conviction proceedings, and he has procedurally defaulted. See Tacho, 862 F.2d at 1378. The state's arguments during post-conviction proceedings do not establish cause for Hagen's failure to raise the jury instruction claim on direct appeal. See Murray, 477 U.S. at 485; Hughes, 800 F.2d at 906-08. He did not attempt to show cause in the district court. Accordingly, the district court did not err by denying the jury instruction claim.
 
 
 9
 Hagen also contends that insufficient evidence of causation supported his murder conviction. We must determine " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Wright v. West, 112 S.Ct. 2482, 2485-86 (1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We must presume that the trier of fact resolved conflicting factual inferences in favor of the prosecution. Id. at 2492-93. Under Arizona law, a superceding, unforeseeable cause breaks the chain of causation. State v. Powers, 571 P.2d 1016, 1021 (1977).
 
 
 10
 While Phillips was in the hospital receiving treatment for the head injury caused by Hagen, a blood clot formed in his right leg vein, travelled through his heart, and blocked the arteries into his lungs, causing his death. Medical witnesses gave conflicting testimony on whether the head injury caused the blood clot. Dr. Keller's opinion was that blows to Phillips's groin caused the blood clot. As Hagen acknowledges, however, Dr. Karnitschnig, who performed the autopsy, testified that in his opinion, Phillips "died from an acute pulmonary embolism due to a leg vein thrombosis due to a head injury.... Bed rest causing sluggishness in the blood flow causing the development of a leg vein thrombosis, which finally broke off and caused his death." A rational trier of fact could have resolved the conflicting medical testimony in favor of the prosecution. See Wright, 112 S.Ct. at 2485-86, 2492-93. Accordingly, the district court did not err by denying Hagen's claim of insufficient evidence. See id.
 
 
 11
 Finally, Hagen makes three contentions regarding pre-indictment delay. Hagen hit Phillips with the pipe on November 1, 1977. He was placed in investigatory lock-up on December 30, 1977, and indicted on July 25, 1978.
 
 
 12
 First, Hagen contends that he was entitled to counsel during the seven months before his indictment because he in effect was arrested on December 30, 1977, and unable to interview potential witnesses. Prisoners held in administrative detention while being investigated for criminal activities do not have a right to counsel. United States v. Gouveia, 467 U.S. 180, 187 (1984). Accordingly, Hagen's contention lacks merit.
 
 
 13
 Second, Hagen contends that the seven-month pre-indictment delay violated his right to a speedy trial. A defendant's right to a speedy trial attaches when he is indicted or arrested. United States v. Mills, 810 F.2d 907, 909 (9th Cir.), cert. denied, 484 U.S. 832 (1987). Placement in administrative segregation is not treated as an arrest for speedy trial purposes. Id. Accordingly, Hagen's contention lacks merit.
 
 
 14
 Third, Hagen contends that the pre-indicment delay violated his right to due process. To establish a due process violation, the petitioner must show that the government offended " 'fundamental conceptions of justice' " by delaying the indictment to gain tactical advantages and that the delay caused "actual, non-speculative prejudice." United States v. Sherlock, 962 F.2d 1349, 1353-54 (9th Cir.1989) (quoting United States v. Lovasco, 431 U.S. 783, 790 (1977)), cert. denied, 113 S.Ct. 419 (1992). An ongoing investigation is a legitimate reason for the delay. Id. at 1074.
 
 
 15
 Here, the Arizona Supreme Court found on direct appeal that the reason for the delay was an ongoing investigation. State v. Hall, 633 P.2d 398, 402 (1981). This fact finding is presumed correct. Sumner v. Mata, 449 U.S. 539, 547 (1981). Accordingly, the district court did not err by denying Hagen's claims regarding pre-indictment delay.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3