19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick Hargrove JACKSON, Defendant-Appellant.
 No. 93-10019.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 16, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Hargrove Jackson appeals his conviction, following jury trial, for money laundering and aiding and abetting in violation of 18 U.S.C. Secs. 1956(a)(1)(A)(i), 2. Jackson contends (1) the district court erred by denying his motions to dismiss the indictment due to pre-indictment delay and violation of the Speedy Trial Act, and (2) the government failed to disclose Jencks Act material, thereby depriving him of a fair trial. The government concedes that the district court should have conducted an in camera review of the alleged Jencks Act material. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand for further proceedings.
 
 
 3
 * Pre-indictment Delay
 
 
 4
 Jackson contends that pre-indictment delay of over five months resulted in a deprivation of his right to counsel at a time when other co-defendants were represented.
 
 
 5
 We review for abuse of discretion the district court's denial of a motion to dismiss charges for pre-indictment delay. United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir.1992).
 
 
 6
 To determine whether pre-indictment delay has risen to the level of a due process violation, we apply a two-prong test. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1050 (9th Cir.1990). First, the defendant has the burden of proving that actual prejudice occurred as a result of the delay. Id. Second, once the defendant has met this burden, we weigh the length of the pre-indictment delay against the reason for the delay. Id. The defendant's burden is intended to be heavy, and the proof of actual prejudice " 'must be definite and not speculative.' " Id. (quoting United States v. Moran, 759 F.2d 777, 782 (9th Cir.1985), cert. denied, 474 U.S. 1102 (1986)).
 
 
 7
 Here, Jackson submitted an affidavit stating that his four co-defendants obtained counsel long before him because charges were not brought promptly against him. As a result, Jackson alleges that his co-defendants targeted him for blame and agreed to testify against him in exchange for favorable plea agreements.
 
 
 8
 Aside from his own allegations, Jackson did not provide any evidence indicating that his co-defendants falsely made him the scapegoat because he did not have counsel appointed earlier. We hold that these allegations are wholly speculative and unsupported by definite evidence. See id. at 1050-51. Accordingly, Jackson failed to show actual prejudice and the district court properly denied the motion to dismiss the indictment for pre-indictment delay.[1]
 
 II
 Speedy Trial Act
 
 9
 Jackson contends that the Speedy Trial Act was violated because state prison officials "arrested" him for the instant offense when they placed him in administrative segregation upon learning of the imminent federal charges.
 
 
 10
 We review de novo application of the Speedy Trial Act and for clear error factual findings regarding the Act. United States v. Lewis, 980 F.2d 555, 558 (9th Cir.1993).
 
 
 11
 The Speedy Trial Act provides that a defendant must be indicted within 30 days of his arrest. 18 U.S.C. Sec. 3161(b). Placement in administrative segregation does not constitute arrest for speedy trial purposes. United States v. Mills, 810 F.2d 907, 909 (9th Cir.), cert. denied, 484 U.S. 832 (1987).
 
 
 12
 Here, while being held at a California state prison on an unrelated state charge, Jackson was questioned by an FBI Special Agent regarding the money laundering scheme. After the interview, the agent informed the state prison officials that Jackson might be indicted in the future. As a result, prison officials placed Jackson in administrative segregation.
 
 
 13
 Because Jackson's placement in administrative segregation did not constitute an arrest under the Speedy Trial Act, the district court properly denied the motion to dismiss the indictment for violation of the Speedy Trial Act. See Mills, 810 F.2d at 909 (noting that in context of penal institution, curtailment of liberty is the general rule and effect of administrative segregation much less severe than arrest).
 
 III
 Jencks Act
 
 14
 Jackson contends the district court committed reversible error when it refused to order the government to produce Jencks Act material. The government concedes that the district court should have conducted an in camera review of the alleged Jencks Act material before denying Jackson's motion for disclosure.
 
 
 15
 We review for abuse of discretion the district court's denial of a motion to produce a witness' statement pursuant to the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1104 (9th Cir.1991).
 
 
 16
 The Jencks Act requires the government to produce any recording, or a transcription thereof, of a government witness' statement that relates to the subject matter of her direct testimony. 18 U.S.C. Sec. 3500(b), (e)(2). If the government claims that the recording does not relate to the subject matter of the witness' testimony, the district court shall order the government to provide the recording for its inspection in camera. 18 U.S.C. Sec. 3500(c); see also United States v. Long, 715 F.2d 1364, 1366 (9th Cir.1985).
 
 
 17
 Here, government witness and co-defendant James Thompson revealed that after pleading guilty, he tape-recorded several telephone conversations with Jackson and other co-defendants in conjunction with the FBI. Jackson moved to dismiss the case, or in the alternative, for a mistrial based upon nonreceipt of the tape-recordings of Thompson's telephone statements. The district court accepted the government's representation that the tape-recordings were not related to the instant case and denied Jackson's motion without conducting an in camera inspection.
 
 
 18
 We hold that the district court improperly denied Jackson's motion for production of Thompson's tape-recordings, or transcripts thereof, without conducting an in camera inspection. See 18 U.S.C. Sec. 3500(c); Long, 715 F.2d at 1366. We therefore remand for the district court to conduct a belated in camera review. See Long, 715 F.2d at 1367. If the district court determines that any portion of the recordings contains statements which related to the direct testimony of Thompson or any other government witness, it should then determine whether the failure to produce the material at trial resulted in constitutional error. See, e.g., United States v. Wallace, 848 F.2d 1464, 1471 (9th Cir.1988) (where defendant's conviction rests on credibility of a single accomplice, unproduced Jencks material may implicate Sixth Amendment confrontation clause issues).
 
 
 19
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Jackson has not shown actual prejudice, we need not reach the second prong of Gonzalez-Sandoval. See Gonzalez-Sandoval, 894 F.2d at 1050