457 F.2d 1186
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joel F. LEVINE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Roger EDWARDS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Richard COPPOLA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward ADAMS, Defendant-Appellant.
 Nos. 71-1309 to 71-1312.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 22, 1972.
Rehearings Denied May 15, 1972.
 
 James A. Twitty, Kansas City, Mo. (Abraham M. Poretz and David H. Martin, Special Attys., U. S. Dept. of Justice, on the brief), for plaintiff-appellee.
 Robert J. Adler, Boulder, Colo., of Adler & Scanlan for defendant-appellant Joel F. Levine.
 Larry E. Benson for defendants-appellants James Roger Edwards, Frank Richard Coppola and Edward Adams.
 Defendant-appellant Richard Coppola filed a brief pro se.
 Before BREITENSTEIN, HILL and McWILLIAMS.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 These four appeals, heard on a consolidated record, concern judgments entered on guilty pleas. The four defendants-appellants and five others were charged in a four-count indictment with offenses relating to the introduction of narcotics and other contraband into the Federal Penitentiary at Leavenworth, Kansas, where, during the pertinent times, the appellants were inmates. Appellants and four other defendants pleaded guilty to Count I, conspiracy to violate 18 U.S.C. Secs. 1791 and 1952, and Count IV, violation of 18 U.S.C. Sec. 1952, and appellants were sentenced to consecutive terms of imprisonment.
 
 
 2
 Appellants argue that Count IV fails to charge a violation of Sec. 1952.[1] Section 1952 prohibits interstate travel with the intent to "promote, manage, establish, carry on, or facilitate" certain illegal activities. Count IV charges that the appellants and others "did cause the travel in interstate commerce" from Illinois to Kansas with intent to carry on an unlawful activity involving narcotics in violation of specified provisions of Illinois and Kansas statutes.
 
 
 3
 The argument is that appellants were prison inmates and could not have traveled in interstate commerce; that the indictment does not allege that whoever so traveled had the requisite intent; that the indictment fails to allege a principal because no one traveled in interstate commerce with the required intent; and that if there is no principal, they cannot be guilty of aiding and abetting under 18 U.S.C. Sec. 2.
 
 
 4
 Appellants are not charged as aiders and abettors, see e. g. United States v. Rodgers, 10 Cir., 419 F.2d 1315, 1317, but with "causing the interstate travel." Section 2(b), 18 U.S.C. provides that one who "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." In the context of this provision "cause" means "a principal acting through an agent or one who procures or brings about the commission of a crime." United States v. Inciso, 7 Cir., 292 F.2d 374, 378, and cases there cited, cert. denied 368 U.S. 920, 82 S.Ct. 241, 7 L.Ed.2d 135. One so acting is chargeable as a principal and punishable accordingly. Ibid.
 
 
 5
 Appellants' reliance on Rewis v. United States, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493, is misplaced. That case related to interstate travel by patrons of an intrastate illegal gambling operation. The Court held that a violation of Sec. 1952 required the traveler's purpose to be more than the desire to patronize an illegal activity. Ibid. at 811, 91 S.Ct. 1056. Rewis recognizes cases in which Sec. 1952 was "correctly applied * * * to those individuals whose agents or employees cross state lines in furtherance of illegal activity." Ibid. at 813, 91 S.Ct. at 1060. The innocence of the agent does not diminish the principal's guilt. Pereira v. United States, 5 Cir., 202 F.2d 830, 837. Failure to charge the agent with the requisite intent is not fatal to the indictment. United States v. Zirpolo, N.Jer., 288 F.Supp. 993, 1012-1013.
 
 
 6
 Appellants also argue that Count IV is insufficient to enable them to prepare a defense or to preclude a subsequent prosecution for the same offense. Count IV substantially follows the wording of the statute, delineates the elements of the offense charged, and apprises the accused of what they must be prepared to meet. This is enough. United States v. Mason, 10 Cir., 440 F.2d 1293, 1296-1297, and Turf Center, Inc. v. United States, 9 Cir., 325 F.2d 793, 796.
 
 
 7
 The sufficiency of an indictment is not determined by whether it alone will protect the accused against double jeopardy. The entire record of the proceedings may be referred to in the event of a subsequent similar prosecution. Woodring v. United States, 10 Cir., 376 F.2d 619, 622. In the case at bar the record contains adequate detail to protect against double jeopardy. In our opinion Count IV is valid.
 
 
 8
 Count I, which charges a conspiracy, see 18 U.S.C. Sec. 371, to violate 18 U.S.C. Secs. 1791 and 1952, is challenged on the ground that Sec. 1791, and 26 C.F.R. Sec. 6.1 promulgated thereunder, see Carter v. United States, 10 Cir., 333 F.2d 354, 355, are unconstitutionally vague.
 
 
 9
 It is permissible to charge in one count a conspiracy to commit several crimes. Troutman v. United States, 10 Cir., 100 F.2d 628, 632; see also Braverman v. United States, 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. 23. Without regard to the constitutionality of Sec. 1791, the appellants would still be guilty under Count I because it also charged a conspiracy to violate Sec. 1952. Determining the constitutionality of Sec. 1791 would not affect the judgments entered pursuant to their pleas of guilty under Count I. Courts should not decide abstract, hypothetical or contingent questions or any constitutional question in advance of the necessity of its decision. Thorpe v. Housing Authority of the City of Durham, 393 U.S. 268, 284, 89 S.Ct. 518, 21 L.Ed.2d 474. It is unnecessary to deal with this issue on the merits.
 
 
 10
 In his pro se brief appellant Coppola says that the indictment is not a true indictment because the United States Attorney signed it before it was submitted to the Grand Jury. The theory seems to be that the prosecutor unduly influenced the Grand Jury. Rule 7(c), F.R.Crim.P., requires that an indictment be signed by the attorney for the government to show that he joins with the Grand Jury in the institution of the criminal proceedings. United States v. Wright, 7 Cir., 365 F.2d 135, 137. The record shows no undue influence exercised over the Grand Jury by the prosecutor.
 
 
 11
 Appellants say that various matters, including a two-year delay between discovery of the violations and time of indictment, solitary confinement of appellants, their transfer from Leavenworth to Merion, Illinois, and denial of a request for an investigator, deprived them of the opportunity to prepare for trial and coerced their guilty pleas.
 
 
 12
 After the case was called for trial and the appellants were present with their counsel, it was announced that the government had agreed to dismiss all counts except I and IV if the appellants and three others pleaded guilty to I and IV. Plea bargaining is permissible "when conducted fairly, and when the rights of the accused are fully protected." Lesley v. State of Oklahoma, 10 Cir., 407 F.2d 543, 544, and cases there cited. The court carefully inquired into the circumstances attendant upon the change of plea. The transcript of the proceedings at the time of the entries of the guilty pleas satisfies us that the requirements of Rule 11, F.R.Crim.P., were fully met. The record demonstrates the voluntary entry of a guilty plea to each of the counts in question by each of the appellants.
 
 
 13
 Appellant Levine urges that he was not mentally competent to stand trial. His counsel said that Levine was not prepared for trial because of mental anguish and physical fatigue. Without objection the motion was taken as one for a continuance and denied. The record convinces us that Levine was able to consult with his lawyer with a rational and factual understanding of the proceedings against him. The court did not abuse its discretion in denying the motion.
 
 
 14
 Prior to sentence counsel for appellant Levine asked leave to withdraw Levine's guilty plea. When asked the reasons for the motion, Levine said that he thought if he pleaded guilty he would be released from segregated confinement but found that he was returned thereto. The court asked if there were any other reasons and Levine replied: "Not at this time." At the time of his guilty plea, Levine had unqualifiedly and specifically admitted his guilt of Counts I and IV. There is no absolute right to withdraw a guilty plea before sentence. Permission to withdraw rests in the sound discretion of the trial court. Dorton v. United States, 10 Cir., 447 F.2d 401, 411-412. On the record presented there was no abuse of discretion.
 
 
 15
 We have repeatedly held that a voluntary plea of guilty waives all nonjurisdictional defects in the proceedings preliminary thereto. Corn v. State of Oklahoma, 10 Cir., 394 F.2d 478, 479-480, cert. denied 393 U.S. 917, 89 S.Ct. 245, 21 L.Ed.2d 203. None of the appellants' remaining arguments raise any jurisdictional questions.
 
 
 16
 The judgments are severally affirmed.
 
 
 
 [1]
 Count IV reads:
 "On or about the 25th day of August, 1968, in the District of Kansas, the defendants, ANTHONY PISCIOTTA, FRANK RICHARD COPPOLA, THOMAS DANIEL BAMBULAS, JOEL FRANKLIN LEVINE, TYRUS FIELDS JONES, EDWARD ADAMS, FREDERICK JOHN DEERING, JAMES ROGERS EDWARDS, HERBERT HOOVER FRANKS, the defendants herein, and Willard Hardaway, a co-conspirator, now deceased, did cause the travel in interstate commerce from the State of Illinois to Leavenworth, in the State of Kansas, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving narcotics in violation of Section 22-3, Chapter 38 of the Laws of the State of Illinois and Section 2502, Title 65 of the Laws of the State of Kansas and, thereafter the said defendants and their co-conspirator did perform and cause to be performed acts to promote, manage, establish and carry on and facilitate the promotion, management, establishment and carrying on of said unlawful activity in violation of Section 1952, Title 18, United State Code."