UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Daniel BAMBULAS,
Defendant-Appellant.

No. 77–1866.

United States Court of Appeals,
Tenth Circuit.

Submitted Feb. 2, 1978.

Decided Feb. 23, 1978.

James P. Buchele, U. S. Atty., Mary K. Briscoe, Asst. U. S. Atty., Topeka, Kan., appeared on behalf of plaintiff-appellee.

Before SETH, PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Kansas denying relief sought pursuant to 28 U.S.C. § 2255.

Appellant Bambulas, presently incarcerated in the federal penitentiary, Atlanta, Georgia, was convicted upon a plea of guilty to charges of conspiracy and introduction of contraband in the federal penitentiary at Leavenworth, Kansas, and conspiracy to use interstate commerce to promote unlawful activity in violation of the narcotics laws of Illinois, New York, and Kansas. The appeals of several of Bambulas' co-defendants who also plead guilty were disposed of in *United States v. Levine,* 457 F.2d 1186 (10th Cir. 1972).

■ Bambulas first challenges the appointments of the two special prosecutors in his case. However, this court has had occasion to uphold appointments pursuant to 28 U.S.C. § 515 in the face of attacks both on specificity and the delegation of the Attorney General's authority. *United States v. Katz,* 535 F.2d 593 (10th Cir. 1976), cert. denied; *United States v. Redmond,* 546 F.2d 1386 (10th Cir. 1977). In addition, as the district court noted, Bambulas waived this claim by failing to raise it prior to his plea of guilt. *Cappola v. United States,* 526 F.2d 764, 772–773 (10th Cir. 1975).

Bambulas next complains that his guilty plea was coerced by a prosecutorial offer to dismiss Counts II and III, if and only if all co-defendants, other than co-defendant Franks, agreed to plead guilty to Counts I and IV. Government affidavits filed in the district court below denied the presence of the alleged "all or nothing" ultimatum.

■ The transcript of the Rule 11 proceedings conducted on February 16, 1971, indicates that Bambulas denied the presence of any promises, threats, or coercion, and assured the court of the voluntariness of his plea. The truth and accuracy of Bambulas' statements are regarded as conclusive in the absence of a believable reason justifying departure from their apparent truth. *Hedman v. United States,* 527 F.2d 20, 22 (10th Cir. 1975). The recent Supreme Court decision in *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), does not dictate the contrary conclusion where Bambulas offers no explanation for his statements at the Rule 11 proceeding.

In addition, the United States Supreme Court has recognized that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system, and that, properly administered, they can benefit all concerned. *Blackledge v. Allison, supra* ; *Bordenkircher v. Hayes,* —— U.S. ——, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). This court has also recognized that plea bargaining is permissible when conducted fairly and when the rights of the accused are fairly protected. *United States v. Levine, supra.*

■ Clearly a plea bargain consisting of the government's agreement to drop Counts II and III in exchange for a guilty plea to Counts I and IV would be permissible. Assuming that the government also required all co-defendants to enter guilty pleas, this aspect of the plea bargain in our view does

not invalidate the guilty plea, where Bambulas has previously denied any coercive effect, where he has failed to explain his prior denial, and where the government fulfilled its part of the plea bargain by moving to dismiss the other counts which motion was granted by the court. Cf. *Bordenkircher v. Hayes, supra.*

Next, Bambulas argues that his guilty plea was coerced due to the denial of his right to speedy trial. We note that this claim was raised on direct appeal by Bambulas' co-defendants and was considered to have been waived by the failure to assert such claim prior to entry of voluntary pleas of guilt. In addition, reaching the merits of this claim does not entitle Bambulas to relief. Pre-indictment delay does not violate due process in the absence of a showing of actual prejudice and that the delay was purposeful in order to gain a tactical advantage. *United States v. Allen*, 554 F.2d 398 (10th Cir. 1977). *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975) does not alter this conclusion, where the placement of Bambulas in segregation upon discovery of his role in activities constituting the federal offense is not an arrest for purposes of initiating the time period for measuring pre-indictment delay. *Rivera v. Toft*, 477 F.2d 534, 535 (10th Cir. 1973).

Bambulas next claims that the requirements of Rule 11, F.R.Crim.P. were not satisfied due to the failure to establish a factual basis for the plea or to fully inform him of the charges against him. We hold that it was not necessary for the district court to outline the elements of the pertinent state narcotic laws which Bambulas was charged with violating in connection with the federal offense in order to satisfy Rule 11. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Our review of the transcript of the proceedings indicates that the requirements of Rule 11 had been fully satisfied. *United States v. Levine, supra.*

Next Bambulas argues that the several transfers from state to federal custody pursuant to a writ of habeas corpus ad prosequendum for purposes of prosecution on federal charges violated the Interstate Agreement on Detainers Act, 18 U.S.C. App. We need not decide at this time whether the Act is the exclusive means for such transfer nor what sanctions should be imposed upon its violation. See generally *United States v. Mauro*, 544 F.2d 588 (2nd Cir. 1976); *United States ex rel. Esola v. Groomes*, 520 F.2d 830 (3rd Cir. 1975); *United States v. Scallion*, 548 F.2d 1168 (5th Cir. 1977). The Act became effective March 9, 1971, and the prosecution of Bambulas on the federal charges was completed as of March 8, 1971, the date of sentencing. Therefore the Act does not aid Bambulas.

Lastly, Bambulas argues that erroneous information was considered at sentencing. However, as the district court pointed out and as the transcript of the sentencing proceeding supports, Bambulas' attorney made the court aware of the reversal of one of his prior convictions. Therefore this claim is without merit. See also *Johnson v. United States*, 485 F.2d 240 (10th Cir. 1973); *Hampton v. United States*, 504 F.2d 600 (10th Cir. 1974), cert. denied 421 U.S. 917, 95 S.Ct. 1578, 43 L.Ed.2d 783.

When this case was docketed in this court the parties were notified that the appeal would be decided on the original record without oral argument. The parties were advised pursuant to local Rule 9(d) that they could simultaneously file memoranda in support of their respective positions. We now have before us appellant's memorandum. We have thoroughly reviewed the files and records in this case and are convinced that the decision of the district court was correct.

Affirmed.