**Filed 5/9/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONALD EDWARD SELF,

    Defendant - Appellant.

No. 95-1470

D. Colorado

(D.C. No. 94-K-2272)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Donald Edward Self appeals the district court's denial of his in forma pauperis pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

contends that the district court abused its discretion in denying him an evidentiary hearing on his § 2255 motion. We affirm.

We review the district court's denial of a request for a § 2255 hearing for abuse of discretion. Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); see also Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1535 (10th Cir. 1994) (distinguishing between mandatory and discretionary hearings).

In his motion below, Self challenged his federal sentence enhancement for two prior state court convictions, alleging that those prior convictions were constitutionally defective. In support, Self filed an affidavit stating that he entered guilty pleas on the state charges in exchange for the promise of concurrent sentences, and the promise was breached when the court subsequently imposed consecutive sentences. R. Vol. I, Tab 8 at 3-4. This, he argues, invalidated his guilty pleas and rendered his convictions invalid. Id., Tab 9.

The district court construed Self's motion as a petition for a writ of habeas corpus, concluding that Self's current sentence enhancement satisfied the "'in custody' requirement for habeas review." R. Vol. I, Tab 5 at 3-4 n.4. After fully reviewing the state court record related to Self's prior guilty plea, the district court made the following findings:

> The state court record shows plainly that Self was advised of the rights he was waiving and that he understood those rights. . . . When asked whether he was promised anything in exchange for his plea, Self responded only that other charges against him would be dismissed. . . . At the [same

hearing], the prosecutor informed the court that the state would "probably ask for consecutive time" at sentencing. . . . Self's attorney, . . . conceded there was no "agreement" between his client and the state regarding sentencing, and the judge made it clear to Self before Self entered his plea that sentencing was a matter solely for the judge to decide regardless of any requests made by the prosecution.

R. Vol. I, Tab 10 at 3-4 (citations to state court record omitted). Concluding that Self's conclusory and self-serving affidavit was insufficient to overcome the clear record made at the time Self entered his plea, the district court denied Self's § 2255 motion and denied Self's request for an evidentiary hearing. Id.

The truth and accuracy of Self's prior state court statements are conclusive in the absence of a believable reason justifying their rejection. United States v. Bambulas, 571 F.2d 525 (1978). Notably, Self offered no reason to justify his failure to specify the alleged agreement on concurrent sentences when the state court inquired whether he was promised anything in exchange for his plea. Accordingly, since the motion, files, and records conclusively show that Self was entitled to no relief, the district court did not abuse its discretion in denying an evidentiary hearing. 28 U.S.C. § 2255; Hedman v. United States, 527 F.2d 20, 22 (1975).

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge