**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL JONES,

Defendant-Appellant.

No. 97-2072
(D.C. No. CIV-96-1414-LH)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Michael Jones appeals the order of the district court denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence and conviction. We deny him a certificate of appealability and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jones contends his guilty plea to conspiracy to possess cocaine base with intent to distribute was induced by ineffective assistance of counsel. He asserts he was led to believe his wife would receive a lighter sentence in exchange for his plea. He further asserts the government could not prove he was aware of the drug activities of his codefendant, that his attorney did not assess the weakness of the government's case, and that his attorney did nothing to verify that his codefendant would have offered exculpatory evidence.

We agree with the district court that Jones failed to present facts supporting an ineffective assistance of counsel claim. The court found from the written plea agreement and the transcript of the plea hearing that Jones affirmed under oath that he had discussed the plea agreement with counsel, that no one forced him to plead guilty, and that no promises were made to induce him to plead guilty. Generally, the accuracy and truth of an accused's statement at a Rule 11 proceeding at which his plea is accepted are conclusively established "in the absence of a believable reason justifying departure from their apparent truth." United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978). Jones presented no reason to reject his statements under oath at the plea hearing.

Jones failed to present specific facts to show the government could not prove his involvement in the drug activities of his codefendant and that his codefendant would have offered exculpatory evidence. Nor did he present

specific facts to show counsel failed to adequately assess the government's case or to verify the codefendant's exculpatory evidence. Conclusory allegations are insufficient to support a claim of ineffective assistance. Hatch v. Oklahoma, 58 F.3d 1447, 1457 (10th Cir. 1995), cert. denied 116 S. Ct. 1881 (1996).

Jones also argues his codefendant's conspiracy conviction is invalid, making his conviction invalid. Jones alleged his codefendant did not enter into a conspiracy because the only person with whom his codefendant made an agreement was a government agent. See United States v. Dimeck, 24 F.3d 1239, 1242 (10th Cir. 1994). However, even if his codefendant's conspiracy conviction is invalid, no facts have been presented showing Jones did not conspire with at least one other person who was not a government agent.

We conclude Jones has failed to make a substantial showing of the denial of a constitutional right required for the issuance of a certificate of appealability under 28 U.S.C. 2253(c)(2). We therefore DENY him a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-3-