**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**JAN 10 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY WALLGREN,

    Defendant - Appellant.

No. 02-6107
D.C. No. CIV-98-1607-M
& CR-97-85-M
(W.D. Oklahoma)

**ORDER AND JUDGMENT***

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ricky Wallgren files for a certificate of appealability complaining of the district court's denial of his motion for sentencing relief under 28 U.S.C. § 2255.

---

* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

He asserts ineffective assistance of counsel and improper sentencing. As to the latter, he claims the court incorrectly relied on materially false information and his immunized testimony which, under the terms of his plea agreement, could not be used against him. He also asserts the district court erred by failing to conduct a hearing on his motion.

Mr. Wallgren pled guilty on June 12, 1997, to a violation of 21 U.S.C. § 841(a)(1), manufacturing methamphetamine with intent to distribute. He was sentenced to 235 months imprisonment, five years supervised release, and a $100 special assessment. He filed no direct appeal. Instead, he petitioned the district court for post-conviction relief, which the court considered without a hearing and denied in a comprehensive order on March 1, 2002. He then applied to the district court for a certificate of appealability, which was deemed denied when not acted upon within thirty days of filing his notice of appeal, *U.S. v. Kennedy,* 225 F.3d 1187, 1193 n.3 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001). His notice of appeal to this Court constitutes a renewed request for a certificate of appealability. Fed. R. App. P. 22(b)(2). Exercising jurisdiction under 28 U.S.C. § 2253, we see no basis for an appeal and deny his request.

Mr. Wallgren must make a substantial showing of the denial of a constitutional right entitling him to a certificate of appealability. 28 U.S.C. §

2253(c)(2). He must demonstrate that "reasonable jurists could debate whether . . . the issues presented [are] adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotation marks and citation omitted). We review the denial of an evidentiary hearing on a 28 U.S.C. § 2255 petition for abuse of discretion. *U.S. v. Whalen*, 976 F.2d 1346, 1348 (10th Cir. 1992).

Exercising its discretion and relying on 28 U.S.C. § 2255,[1] the district court denied the petition without conducting an evidentiary hearing. *See also Kennedy*, 225 F.3d at 1193. The district court followed the "preferred practice" we described in *United States v. Marr,* 856 F.2d 1471, 1472-73 (10th Cir. 1988), to thoroughly set out its reasoning in aid of appellate review. Because all of Mr. Wallgren's allegations were capable of review from the record of the proceedings alone, the district court did not abuse its discretion in denying an evidentiary hearing. *Cf. Machibroda v. United States,* 368 U.S. 487, 494-95 (1962) (upholding the right to an evidentiary hearing in a 28 U.S.C. § 2255 case where the allegations related to matters outside the record).

In reviewing this application for a certificate of appealability, we treat all issues raised by Mr. Wallgren as constituent parts of his general allegation of

---

[1] 28 U.S.C. § 2255 reads in pertinent part: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing . . . ."

ineffective assistance of counsel even though not always so framed.  Effectiveness of counsel is determined by applying a two part test:  (1) counsel must have committed errors so serious as to fall outside the kind of functioning required by the Sixth Amendment, and (2) the defendant must show the deficient performance prejudiced the defense in such a fashion as to call into question the reliability of the proceedings.  *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  We will not indulge hindsight in evaluating counsel's effectiveness, but will apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and sound trial strategy.  *Strickland,* 466 U.S. at 689.

Mr. Wallgren complains his trial attorney failed to review with him the contents and importance of the Presentence Investigation Report.  As a consequence, Mr. Wallgren believes he was unable to inform his attorney of underlying facts and circumstances that would have enabled his attorney to effectively challenge the calculation of his sentence.  According to his attorney, however, he and Mr. Wallgren did review the report and adopted a strategy calculated to obtain the greatest benefit from an expected government motion for downward departure from the sentencing guidelines based upon his cooperation with authorities.  According to the attorney's sworn affidavit, the plan was for Mr. Wallgren to accept responsibility and not contest immaterial inaccuracies in the report.

The Presentence Investigation Report is replete with prima facie evidence to support the debit and credit points attributed to Mr. Wallgren and requires no further discussion. If there were material inaccuracies in the report leading to an inappropriate profile under the sentencing guidelines, including Mr. Wallgren's allegation of misuse of immunized testimony, or if the strategic decision to not address these issues was misplaced, it was incumbent upon Mr. Wallgren to bring this to the attention of his attorney and the court. These were matters within his singular knowledge. Instead, he told the court under oath he had reviewed the report with his attorney and had no objection to it. "The truth and accuracy of [defendant's] statements are regarded as conclusive in the absence of a believable reason justifying departure from their apparent truth." *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978).

Finding no deficient performance under *Strickland*, we need not address the prejudice component of the test for effectiveness of counsel. There being no demonstration of the denial of a constitutional right, reasonable jurists could not debate whether Mr. Wallgren ought to proceed further. Accordingly, we deny the request for a certificate of appealability and **DISMISS** the case.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge

-5-