**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VANESSA GAYLE GLASS,

    Defendant-Appellant.

No. 02-3327
(D.C. Nos. 02-CV-3061-JTM and
00-CR-10026-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Vanessa Gayle Glass appeals from the district court's denial of her motion filed pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability on the issue of whether Ms. Glass had received ineffective assistance of counsel causing her guilty plea to be invalid. We affirm.

Facts:

Ms. Glass was charged with one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. She pled guilty to one charge of maintaining a place to distribute cocaine base in violation of 21 U.S.C. § 856(a)(1) and was sentenced to 108 months' imprisonment. The plea agreement included the condition that she waive "her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255." Rec., Vol. I, tab 138, ex.11 at 3.

Despite waiving her right to file a § 2255 motion, Ms. Glass proceeded to do so. She alleged counsel was ineffective for various reasons. She also contended the state and federal investigators were guilty of misconduct, and she was denied "medical correction" while she was in federal custody.

Analysis:

We granted a certificate of appealability solely on the issue of whether Ms. Glass' counsel had been ineffective. See United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) ( defendant may file § 2255 motion despite waiver if motion is based on ineffective assistance of counsel claim challenging validity of guilty plea).

Ms. Glass maintains that counsel was ineffective because he had a conflict of interest arising from the fact that he had represented her brother-in-law on an unrelated matter. She further asserts counsel was not "allowed" to conduct discovery, did not obtain exculpatory materials from the government, did not review the presentence report with her prior to her entering her plea, did not object to sentencing enhancements, and did not object to a conflict of interest she had with the probation officer. She also states that counsel misled her to believe she would be sentenced to probation or a halfway house. Finally, she contends that counsel coached her as to how to answer the court's questions during the plea hearing.

The transcript of the plea hearing shows that Ms. Glass testified under oath that she understood the charges and the possible maximum sentence and fine, including the fact that neither counsel nor the government could promise her that she would be sentenced to less than the maximum. She also stated that she "had

-3-

adequate opportunity to meet" with counsel, had discussed the situation with him, and that she had no problems with counsel's representation. R., Vol. 1, tab 141, transcript of change of plea hearing at 10. She also testified that she understood that she could not appeal her sentence, id. at 20, and could not withdraw her plea if she did not like the sentence imposed, id. at 22.

Conclusion:

Ms. Glass testified at the plea hearing that counsel had provided her with proper assistance so that she understood the terms of the plea agreement and the ramifications of entering a plea. Her current statements are self-serving and are not supported by any credible evidence. See Parke v. Raley, 506 U.S. 20, 37 (1992) (noting court was not convinced by defendant's self-serving assertion that he could not remember whether he was advised of his constitutional rights). Further, the truth and accuracy of Ms. Glass' statements made in court under oath are "conclusive in the absence of a believable reason justifying" their rejection. United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978). While the plea record is not invariably an insurmountable barrier, it is under the facts of this case.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge