**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 2, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JASON D. FIELDS,

     Defendant-Appellant.

No. 04-3506
(D. Kansas)
(D.Ct. Nos. 03-CV-3441-SAC and
02-CR-40041-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On August 1, 2002, Jason Fields pled guilty to counts one and four of a four count indictment. Count four alleged Fields was involved in a conspiracy to rob a house used to sell drugs in violation of the Hobbs Act, 18 U.S.C. § 1951,[1]

---

[1] 18 U.S.C. § 1951(a) provides:

during which he discharged a firearm in violation of 18 U.S.C. § 924(c).[2]

Judgment was filed on November 19, 2002, and Fields did not file a direct appeal.

On November 17, 2003, Fields filed a 28 U.S.C. § 2255 motion alleging his

counsel was ineffective for failing to object to count four, advising him to plead

guilty to count four and not appealing count four. The district court denied the §

2255 motion on December 2, 2004.[3] On December 20, 2004, Fields filed a notice

of appeal with the district court.[4] On January 4, 2005, Fields filed a *pro se* notice

of appeal with this Court which we construe as an application for a Certificate of

---

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined . . . or imprisoned not more than twenty years, or both.

[2] Section 924(c) provides for additional penalties for anyone who, *inter alia*, discharges a firearm in relation to a "any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States."

[3] The district court granted Fields' motion to proceed *in forma pauperis*. Thus, he can proceed *ifp* on appeal.

[4] "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1). The district court did not act on Fields' constructive request for a Certificate of Appealability (COA). Pursuant to the General Order of October 1, 1996, a COA is deemed denied if the district court does not address the issuance of a COA within thirty days. *See United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000).

-2-

Appealability (COA).[5] FED. R. APP. P. 22(b)(2). Fields also requested leave with this Court to amend and supplement his § 2255 motion to incorporate a Sixth Amendment objection in light of the Supreme Court's recent decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, -- U.S. --, 125 S. Ct. 738 (2005).

## Analysis

A COA is a jurisdictional pre-requisite to our review. One may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The petitioner must demonstrate that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Id.* at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although petitioner, in requesting a COA, is not required to prove the merits of the case, the threshold of proof is higher than good faith or lack of frivolity. *Id.* at 338. "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (internal citation omitted). When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either

---

[5] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

cause excusing the procedural default and prejudice resulting from the error, or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

"A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (internal citation omitted). "To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial." *Id.* at 392 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (applying *Strickland* test to ineffective assistance of counsel challenges to guilty pleas). We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Counsel is not ineffective for failing to advance a futile argument. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

The essence of Fields' claims is that his conspiracy to rob a home used to sell illegal drugs did not involve interstate commerce because there was no evidence the marijuana sold from the house was grown outside of Kansas. He maintains, therefore, his conduct was not prohibited by the Hobbs Act. As a

result, Fields argues there was no predicate federal felony to trigger the enhanced sentencing provision in § 924(c). Thus, according to Fields, his attorney was ineffective for failing to object to count four, advising him to plead guilty to count four, and failing to appeal his plea to count four.

Fields' argument ignores his own admissions, the reach of the Hobbs Act and the commercial nature of drug trafficking. At his plea hearing, Fields admitted he robbed a home/business "that operates in interstate commerce and which is engaged in interstate commerce and an industry that affects interstate commerce." (R. Doc. 30 at 11.) The truth and accuracy of a defendant's sworn statements at his change of plea hearing are "conclusive in the absence of a believable reason justifying" their rejection. *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978). Fields fails to set forth any believable reasons for rejecting his statement. Additionally, this Court has previously held the Hobbs Act "reaches robberies that *in any way* or degree obstruct, delay, or affect commerce." *United States v. Curtis*, 344 F.3d 1057, 1070 (10th Cir. 2003), *cert. denied*, 540 U.S. 1157 (2004). As other courts have made clear, illegal drug trafficking constitutes commerce for purposes of the Hobbs Act. *See United States v. Moore*, 363 F.3d 631, 636 (7th Cir. 2004) (the robbery of drugs or money from a drug dealer is treated as a robbery of a business); *United States v. Rodriguez*, 360 F.3d 949, 955-56 (9th Cir. 2004) (same); *United States v.*

*Williams*, 342 F.3d 350, 355 (4th Cir. 2003); *United States v. Marrerro*, 299 F.3d 653, 655 (7th Cir. 2002). We see no reason to disagree with this conclusion. Thus, a robbery of a drug dealer sufficiently affects commerce to fall under the purview of the Hobbs Act.

As to Fields' request to include *Blakely* and *Booker* claims, we have held neither *Blakely* nor *Booker* applies on collateral review when the defendant's conviction was final at the time of these decisions. *United States v. Price,* 400 F.3d 844, 845 (10th Cir. 2005) (*Blakely*); *United States v. Bellamy,* 411 F.3d 1182, 1184 (10th Cir. 2005) (*Booker*). The judgment accepting Fields' guilty plea was entered on November 19, 2002, and he did not file a direct appeal. Therefore, Fields' conviction became final ten days after it was entered, when his time to file a petition for appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i)*; Teague v. Lane,* 489 U.S. 288, 295 (1989). *Cf. United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000). The Supreme Court decided *Blakely* on June 24, 2004, and *Booker* on January 12, 2005. Because Fields' conviction was final before the Supreme Court decided either *Blakely* or *Booker,* his *Blakely* and *Booker* claims are unavailing.

## Conclusion

For the foregoing reasons, we DENY Field's request for a COA and DISMISS the appeal. We also DENY his request to amend his § 2255 motion to

incorporate a *Blakely*/*Booker* claim.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge