**UNITED STATES COURT OF APPEALS** October 9, 2013

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 13-3148 |
| v. | (D. of Kan.) |
| LAMONT T. DRAYTON, | (D.C. No. 2:12-CV-02568-KHV and 2:10-CR-20018-KHV-1) |
| Defendant-Appellant. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Lamont T. Drayton, a federal prisoner proceeding *pro se*,[1] seeks a certificate of appealability (COA) to appeal from the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1) (a petitioner may not appeal the denial of habeas relief under § 2255 unless a COA is issued). Because Drayton has failed to make "a substantial

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Drayton's *pro se* filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we deny a COA and dismiss the appeal.

A grand jury indicted Drayton on nine charges related to drug trafficking. Among the charges were two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 3 and 7) and one count of conspiracy to maintain a drug-involved premise within 1000 feet of a public elementary school in violation of 21 U.S.C. § 846 (Count 4). Drayton pleaded guilty to Counts 3 and 4. *See* Fed. R. Crim. P. 11(c)(1)(C). His plea agreement proposed a sentence of 240 months in prison and five years of supervised release, and the government agreed to dismiss the remaining counts. According to the Presentence Investigation Report, Drayton would have been subject to a total sentence of 447 to 468 months in prison if he had been convicted of all counts.

Drayton moved to withdraw his guilty plea on the grounds that his attorney induced him to plead guilty through coercion and deception. He also filed a motion for new counsel, and current counsel filed a motion to withdraw as counsel. The court denied the motions. The court entered the recommended sentence of 240 months in prison and five years of supervised release. Drayton appealed his sentence. We dismissed his direct appeal based on his agreement to waive his right to appeal.

Drayton then filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. He alleged ineffective assistance of counsel related to plea negotiations and counsel's failure to file certain motions to suppress. The district court overruled his motion and denied him a COA. On appeal, Drayton reasserts his ineffective assistance of counsel claim. He also raises claims that two police searches violated the Fourth Amendment and that the court violated his Due Process Clause rights by failing to give adequate notice of the withdrawal hearing. Drayton, however, agreed to waive all collateral attacks except for ineffective assistance of counsel and prosecutorial misconduct claims. Thus, he may not raise Fourth Amendment and Due Process Clause claims in this appeal.

To prevail on an ineffective assistance of counsel claim, Drayton must show that his counsel's conduct "fell below an objective standard of reasonableness" and that such deficient performance resulted in prejudice to the defense—that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Drayton first contends that counsel's coercive and deceptive behavior caused him to accept a plea that was not "knowing and voluntary." *See United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005). For the same reasons articulated by the district court, we find that counsel's performance during plea negotiations was not deficient or prejudicial. At the plea hearing, the court

conducted a thorough inquiry and found that Drayton's guilty plea was knowing and voluntary. He affirmed that he understood the plea agreement, what the consequences of a guilty plea might be, the rights he was waiving, and that the plea agreement included his entire agreement with the government. He affirmed that he had discussed the plea agreement with counsel, he was satisfied with counsel's representation and advice, he was not threatened or induced into pleading guilty, and he was guilty as charged. The truth and accuracy of an accused's statements at a Rule 11 proceeding are regarded as conclusive "in the absence of a believable reason justifying departure from their apparent truth." *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978). Drayton affirmed under oath that he was not threatened or induced into pleading guilty, and the evidence he has presented does not justify departure from our presumption that this affirmation was true and accurate.

Drayton further contends that counsel was ineffective for failure to file a motion to suppress evidence derived from the placement of a GPS tracker on his car.[2] The district court thoroughly addressed this claim. At the time of Drayton's arrest, three circuit courts, in reliance on *United States v. Knotts*, 460 U.S. 276 (1983), held that a warrant was not required for police officers to use a GPS

---

[2] Drayton also alleges that counsel was ineffective for failing to file a motion to suppress evidence derived from a dog-sniff search conducted without a warrant. Because this issue is being raised for the first time on appeal, we decline to address it. *See United States v. Rantz*, 862 F.2d 808, 811 (10th Cir. 1988).

tracking device to follow a suspect's movements for a reasonable time. After the motions filing date, the D.C. Circuit rejected the reasoning of these circuit courts and held that the police had to obtain a warrant to use a GPS tracker to monitor a defendant for 28 days. *See United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010). Considering the majority of circuit courts that addressed the issue held that no warrant was required for a GPS device, counsel's decision not to file a motion to suppress was not "objectively unreasonable." That the Supreme Court ultimately reached the opposite conclusion in *United States v. Jones*, 132 S. Ct. 945 (2012), more than one year after Drayton's plea, does not render counsel's performance "objectively unreasonable." *See Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (holding that failure to predict future law or to anticipate arguments that blossomed after trial is not a basis for ineffective assistance of counsel claims).

Accordingly, we DENY Drayton's application for a COA, DISMISS the appeal, and GRANT leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge

-5-