FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 2, 2024**

_____

**Christopher M. Wolpert
Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICHOLAS WOODFIELD,

Defendant - Appellant.

No. 24-3116
(D.C. Nos. 6:23-CV-01273-JWB &
6:21-CR-10102-JWB-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Nicholas Woodfield, a federal prisoner appearing pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. _See_ 28 U.S.C. § 2253(c)(1)(B)

(requiring a COA to appeal an order denying a § 2255 motion). Exercising jurisdiction

under 28 U.S.C. §§ 1291 and 2253(a), we deny a COA and dismiss this matter.[1]

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Woodfield appears pro se, "we liberally construe his filings, but we will not act as his advocate." _James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.  BACKGROUND

Mr. Woodfield pled guilty to distribution of child pornography under 18 U.S.C. § 2252A(a)(2).  In the plea agreement, he admitted that (1) he recorded his internet communications; (2) the recording showed that he scrolled through an online storage account, which showed images of child pornography; and (3) he "distribute[d] child pornography to another via the internet."  ROA, Vol. I at 26.  At the plea hearing, he admitted under oath that the factual statement in his plea agreement was true. *Id.* at 196-97.  The district court sentenced him to 168 months in prison.  Mr. Woodfield did not file a direct appeal.

Mr. Woodfield filed a § 2255 motion, asserting that he sent only a link to a cloud storage folder and did not transmit child pornography.  He argued his counsel was ineffective for failing to advise him that his conduct was not distribution of child pornography.  The district court rejected this argument, concluding that the facts in the plea agreement established distribution of child pornography without a "believable reason" to find otherwise.  *Id.* at 151 (quoting *United States v. Green*, 66 F. App'x 808, 810 (10th Cir. 2003) (unpublished) (quoting *United States v. Bambulas*, 571 F.3d 525, 526 (10th Cir. 1978)).  The court said that Mr. Woodfield did not address the statements in the plea agreement nor provide evidence to support his link-only assertion.  In addition to denying the § 2255 motion, the district court denied a COA and entered judgment.

Mr. Woodfield filed a motion for reconsideration, attaching portions of an expert report to support that he sent only links to images and did not screen-share child pornography images with another.  The district court rejected this argument, stating the

report did not foreclose that screen recordings showed that Mr. Woodfield shared child pornography images. It said that the report "does not affirmatively indicate that Defendant did not share images on the screen recordings." ROA, Vol. I at 237. The court also said messages on Mr. Woodfield's phone support that he was sharing images during internet chats. Further, the court said, Mr. Woodfield admitted at the plea hearing that his phone contained a recording of a conversation during which he scrolled through child pornography images. The court denied the motion for reconsideration. Mr. Woodfield filed a notice of appeal.

The timing and content of Mr. Woodfield's notice limits this appeal to the district court's denial of the motion for reconsideration.[2]

## II. DISCUSSION

### A. *Legal Background*

1. **COA Requirement and Standard of Review**

To obtain a COA, Mr. Woodfield must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). When

---

[2] Because Mr. Woodfield filed his motion for reconsideration more than 28 days after entry of judgment, and because his notice of appeal designates only the district court's order denying that motion, this appeal just concerns that order. *See* Fed. R. App. P. 3(c)(1)(B) and 4(a)(4).

assessing the district court's denial of a § 2255 motion, "we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011).

2. **Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel ("IAC") under the Sixth Amendment, a defendant must show (1) counsel's constitutionally deficient performance (2) prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may address [these requirements] in either order and need not address both if the defendant has failed to satisfy one." *Frederick v. Quick*, 79 F.4th 1090, 1105 (10th Cir. 2023) (citing *Strickland*, 466 U.S. at 697).

B. *Analysis*

In his brief to this court, Mr. Woodfield argues his counsel was ineffective for "failure to advise him that the transfer of a web 'link' does not satisfy the statutory definition" for distribution of child pornography. Aplt. Br. at 2. But, as the district court repeatedly noted, Mr. Woodfield admitted in his plea agreement that he did more than share a web link. He confirmed under oath that the recording of his internet communication showed that he shared child pornography images when he scrolled through them. His IAC claim lacks a factual predicate.

Mr. Woodfield also contends the district court erred "in concluding that" he admitted to "distribut[ing] child pornography because the 'link' led to a site that contained true images of such content." *Id.* at 3. But the district court made no such error. It instead concluded that he admitted to child pornography distribution because he

said in his plea agreement that the recording of his internet communication showed that he scrolled through images.[3]

This court has said, in reference to a defendant's statements at a change of plea hearing, that "[t]he truth and accuracy of [defendant's] statements are regarded as conclusive in the absence of a believable reason justifying departure from their apparent truth." *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir.1978); *United States v. Drayton*, 541 F. App'x 858, 860 (10th Cir. 2013) (unpublished) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1). As in the district court, Mr. Woodfield does not support his argument that he communicated only a link to child pornography.

Based on the foregoing, reasonable jurists could not debate the district court's denial of Mr. Woodfield's motion for reconsideration.

---

[3] Unlike his motion for reconsideration in district court, Mr. Woodfield does not discuss an expert report to support his argument here. Under Fed. R. App. P. 28 and 10th Cir. R. 28.3(B), he may not incorporate by reference his district court arguments here. *See Rocky Mountain Wild v. Dallas*, 98 F.4th 1263, 1303 n.20 (10th Cir. 2024); *see also Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (pro se litigants "must comply with the same rules of procedure as other litigants."). Further, he does not challenge the district court's analysis of the report in its order rejecting his motion for reconsideration, so he has waived any such challenge here.

## III. **CONCLUSION**

We deny a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge