FILED
United States Court of Appeals
Tenth Circuit

September 27, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff‒Appellee,

v.

LAMONT T. DRAYTON, a/k/a Kevin
Young, a/k/a K.Y.,

        Defendant‒Appellant.

No. 11-3133
(D.C. No. 2:10-CR-20018-KHV-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **HARTZ**, and **MATHESON**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Lamont T. Drayton's plea agreement. The

defendant pleaded guilty to possession of a firearm in furtherance of a federal

drug trafficking crime and conspiracy to maintain drug-involved premises within

1,000 feet of a public elementary school. Pursuant to the parties' request, the

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

district court sentenced the defendant to 60 months and 180 months' imprisonment, respectively, to be served consecutively. Pursuant to the plea agreement, the defendant waived his right to appeal his conviction or his sentence, provided the court imposed the sentence requested by the parties. Although the district court imposed the requested sentence, the defendant nonetheless filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, the defendant concedes through counsel that there are no non-frivolous arguments that can be presented in response to the motion to enforce. We have reviewed the motion, the record and the defendant's response, and we agree that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See id*. at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM

-2-