**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAMONT T. DRAYTON,

    Defendant - Appellant.

No. 19-3269
(D.C. Nos. 5:19-CV-03166-KHV &
2:10-CR-20018-KHV-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Lamont T. Drayton, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal from the district court's dismissal in part and denial in part

of his most recent unauthorized second or successive habeas petition brought under

28 U.S.C. § 2255. We deny a COA and dismiss this matter.

**Background**

Drayton pleaded guilty to one count of possession of a firearm in furtherance of a

federal drug trafficking crime, in violation of 18 U.S.C. § 924(c), and one count of

conspiracy to maintain drug-involved premises within 1,000 feet of a public elementary

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

school, in violation of 21 U.S.C. §§ 846, 856(a), 860(a), and 18 U.S.C. § 2. Consistent with the sentence the parties proposed in the plea agreement, the district court sentenced Drayton to 240 months in prison and five years of supervised release. He appealed his sentence, but we dismissed the appeal based on his agreement to waive his right to appeal the proposed sentence. *United States v. Drayton*, 434 F. App'x 760 (10th Cir. 2011) (per curiam).

Drayton then filed a motion to vacate his sentence under § 2255, claiming his counsel coerced him into pleading guilty and was ineffective for failing to seek suppression of evidence discovered after law enforcement placed a GPS tracker on his car. The district court rejected the claims on the merits, overruled the motion, and denied a COA. We denied a COA and dismissed the appeal. *United States v. Drayton*, 541 F. App'x 858, 861 (10th Cir. 2013).

In 2016 and 2018, we denied Drayton authorization to file second or successive § 2255 motions challenging his convictions and sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), in which the Supreme Court invalidated language in portions of two statutes defining "violent felonies" and "crime of violence" as unconstitutionally vague. In both orders, we explained that because Drayton was convicted of possessing a firearm during and in furtherance of a drug trafficking crime, *see* § 924(c)(1)(A)(i), *not* a crime of violence, the definition of "crime of violence" in the statutory section he challenged, § 924(c)(3)(B), is irrelevant to his conviction and sentence. *In re Drayton*, No. 18-3093, slip op. at 2-3 (10th Cir. May 8, 2018) (unpublished order) (denying authorization to raise *Dimaya*

2

claim); *In re Drayton*, No. 16-3125, slip op. at 2-3 (10th Cir. June 9, 2016) (unpublished order) (denying authorization to raise *Johnson* claim).

In November 2018, the district court granted Drayton's and the government's joint motion to reduce his sentence to 203 months based on a reduced Guidelines sentencing range. *See* 18 U.S.C. § 3582(c)(2).

Then, in January 2019, Drayton filed a § 2255 motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(B) and § 403(a) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5221-22 (2018) (FSA), which prohibits applying the 25-year mandatory term of imprisonment for a second or subsequent § 924(c) conviction if the first § 924(c) conviction was not final when the second or subsequent offense was committed. The court concluded that the motion was an unauthorized second or successive § 2255 motion, dismissed it for lack of jurisdiction, and denied a COA. In addition to dismissing the motion for lack of jurisdiction, the district court also explained that Drayton was not entitled to relief under § 403 because (1) he pleaded guilty to a single § 924(c) offense and did not receive an enhanced sentence based on a prior § 924(c) conviction; and (2) the FSA does not apply retroactively, *see* FSA at § 403(b). Drayton did not seek a COA from this court to appeal that ruling.

About six months later, Drayton filed the two motions at issue here. In the first motion, which he captioned as a motion under 28 U.S.C. § 2241, Fed. R. Civ. P. 59, and the FSA ("primary motion"), he again sought a reduction in his sentence under the FSA. He claimed the FSA is a new retroactively applicable rule of law that changed the sentencing laws applicable to his offense and undermined the basis for his plea—the

3

advisements from plea counsel and the government that, if convicted of two § 924(c) counts, he would be subject to a mandatory 25-year consecutive sentence. He also claimed counsel was ineffective for not advising him of the correct penalties under § 924(c). In addition to the primary motion, Drayton filed a motion to amend the primary motion in which he maintained that he was entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court held that the residual clause of the crime of violence definition in § 924(c)(3)(B) is void for vagueness. *See id.* at 2336.

Because the primary motion reasserted the claims Drayton raised in his January 2019 motion, the district court construed it as an unauthorized second or successive § 2255 motion. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (holding that "[a] prisoner's post-judgment motion"—however styled—"is treated like a second-or-successive § 2255 motion . . . if it asserts or reasserts claims of error in the prisoner's conviction.").[1] So construed, the court dismissed the motion for lack of jurisdiction and denied a COA. The court then overruled the motion to amend, concluding that Drayton was not entitled to relief under *Davis* because he was convicted of possessing a firearm during and in furtherance of a drug trafficking crime, not a crime of violence, so § 924(c)(3)(B)'s crime of violence definition did not affect his sentence.

---

[1] Drayton characterized his motion as a Rule 59 motion, but because it was untimely under Rule 59(e), the district court treated it as a Rule 60 motion. Either way, the court properly construed the motion as a § 2255 motion. *See United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006) (treating Rule 59 motion as a second § 2255 motion); *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005) (treating Rule 60(b) motion as a second habeas petition).

**Discussion**

To appeal the district court's order, Drayton must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). We liberally construe his pro se opening brief and application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

1. **Order Dismissing Primary Motion for Lack of Jurisdiction**

The district court dismissed Drayton's primary motion on procedural grounds. To obtain a COA as to that ruling, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485.

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). To obtain authorization, the prisoner's proposed claims must satisfy one of the gatekeeping provisions in § 2255(h), and absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his application for a COA, Drayton does not dispute that he previously filed a § 2255 motion and that he did not obtain authorization from this court to file another one.

5

Nor does he dispute the correctness of the district court's treatment of his primary motion as a second or successive § 2255 motion, or otherwise explain how the district court erred in its procedural ruling dismissing that motion for lack of jurisdiction. Instead, he argues the merits of his underlying claims. Because Drayton has not shown that jurists of reason would debate whether the district court's procedural ruling was correct, we deny a COA.

### 2. Order Overruling Motion to Amend

In his motion to amend, Drayton sought relief under *Davis*, which was decided long after he filed his first § 2255 motion and several months after he filed his January 2019 motion. Because *Davis* created a new substantive rule that is retroactively applicable on collateral review, a *Davis* claim satisfies the gatekeeping provision in § 2255(h)(2) where, as here, the petitioner could not have raised the claim in his first § 2255 motion. *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019). The district court thus did not dismiss Drayton's motion to amend for lack of jurisdiction, but as noted above, it rejected his *Davis* claim on the merits.

We will grant a COA to appeal the denial of a § 2255 claim on the merits only if the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Drayton cannot make that showing because, as we explained in our 2016 and 2018 orders denying authorization to file second or successive § 2255 motions raising *Johnson* and *Dimaya* claims, he was not convicted of possessing a firearm during and in relation to a crime of violence, so the definition of "crime of violence" in § 924(c)(3)(B) did not affect his sentence. Accordingly, we deny a COA.

## Conclusion

For the foregoing reasons, we deny a COA and dismiss this matter.  We grant

Drayton's motion for leave to proceed on appeal without prepayment of costs and fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

7